IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZACHARY ROBBINS, on behalf of himself and others similarly situated, | :<br>: CIVIL ACTION FILE NO. |
| Plaintiff, | : |
| v. | : **COMPLAINT – CLASS ACTION** |
| VF2024 PAC D/B/A FIREFIGHTER SUPPORT COUNCIL PAC, | :<br>: **JURY TRIAL DEMANDED** |
| Defendant. | : |

Plaintiff Zachary Robbins (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. This case involves a campaign by VF2024 PAC d/b/a Firefighter Support Council PAC to market its scam political action committee through the use of pre-recorded calls in plain violation of the TCPA.

3. The recipients of VF2024 PAC's illegal calls, which include Plaintiff and the proposed class, are entitled to damages under the TCPA and because the technology used by VF2024 PAC makes prerecorded calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

4. Plaintiff Zachary Robbins is, and at all times mentioned herein was, an individual residing in this District.

5. Defendant VF2024 PAC d/b/a Firefighter Support Council PAC is a Virginia-based Political Action Committee.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

7. This Court has specific personal jurisdiction over VF2024 PAC d/b/a Firefighter Support Council PAC because it made calls directed to and received by the Plaintiff in this District, as well as using telephone numbers in the 857 area code, which are associated with Massachusetts.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b) because VF2024 PAC d/b/a Firefighter Support Council PAC made calls directed to and received by the Plaintiff in this District.

## **TCPA BACKGROUND**

<u>The TCPA Prohibits Automated Calls Using an Artificial or Prerecorded Voice</u>

9. The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

10. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

11. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

12. In 2013, the FCC required prior express written consent for all autodialed or prerecorded calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

## FACTUAL ALLEGATIONS

13. Defendant VF2024 PAC d/b/a Firefighter Support Council PAC is a "person" as the term is defined by 47 U.S.C. § 153(39).

14. Plaintiff telephone number, 781-XXX-XXXX, is assigned to a cellular telephone service.

15. The Plaintiff received a pre-recorded call from the Defendant on at least April 30, 2024 at 9:18 AM from the caller ID 781-463-0640.

16. When Plaintiff answered, a series of recorded messages with a robot calling from the "Firefighters Support PAC" with questions played.

17. The call was clearly pre-recorded because (a) the robot's questions were sometimes cut off, (b) the robot had a generic, monotone voice, (c) it would be illogical for a human to call someone and play various scripted questions without the ability to engage in dialogue, (d) the Plaintiff needed to repeat his responses multiple times to the robot to advance, and (e) the robot eventually transferred the Plaintiff to an individual who was clearly human.

18. The Plaintiff provided his information to a human to receive a letter in the mail identifying who was calling him illegally.

19. The letter the Plaintiff received references a telephone conversation with Plaintiff that occurred on April 30, 2024 and the Plaintiff's phone number.

20. The letter further identifies the true identity of the Defendant as VF2024 PAC, and states that the "Firefighter Support Council" PAC is a "initiative" "of the VF2024 PAC."

21. The Defendant's only listed member and treasurer, Matthew Greenlee, previously entered into a settlement agreement with the Office of Consumer Protection of Montgomery County, Maryland, out of one of his previous scam PACs, the Heroes United PAC, doing business as the Volunteer Firefighters Association, for the exact same conduct at issue. Mr. Greenlee agreed to refund every donor in Montgomery County, Maryland, because of deceptive practices, including illegally calling numbers with robocalls and assured the Office that he would comply with consumer protection laws in the future. *Assurance of Voluntary Compliance Agreement*, MONTGOMERY COUNTY, MD OFFICE OF CONSUMER PROTECTION (Oct. 14, 2019), https://www.documentcloud.org/documents/6555594-Heroes-United-Signed-Agreement.html [https://archive.md/C8SER].

22. Mr. Greenlee evidently did not, despite the aforementioned settlement being covered by numerous national media outlets, including the Center for Public Integrity. *Local Officials to FEC: Investigate Maryland Man's 'Phony' Political Committees*, CENTER FOR PUBLIC INTEGRITY (Nov. 21, 2019), https://publicintegrity.org/politics/pac-fec-montgomery-county-money/ [https://archive.md/Md6GK].

23. The aforementioned settlement was also notarized by a Tennessee notary, indicating that Mr. Greenlee lives in Tennessee.

24. Although a public records search undertaken by counsel indicates that approximately 100 Matthew Greenlees reside in the United States, only 4 reside in Tennessee.

25. Only one of those individuals, Matthew Edward Greenlee, of 320 Harper Rd., Mohawk, TN 37810, has anything to do with firefighting.

26. Indeed, the first result for Matthew Edward Greenlee's telephone number in a public records search is 423-823-2157, which is the telephone number for the McDonald Volunteer Fire Department, and Mr. Greenlee is the chief of that fire department.

27. Therefore, upon information and belief, the treasurer identified in the Defendant's PAC documents with the IRS is Matthew Edward Greenlee, who as Treasurer of the PAC can be served with process at 320 Harper Rd., Mohawk, TN 37810.

28. The Plaintiff did not consent to the call, never requested the call, and the call was not necessitated by an emergency.

29. The aforementioned call to the Plaintiff was unwanted.

30. The call was a non-consensual encounter.

31. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. Plaintiff and the Class Members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

## **CLASS ACTION ALLEGATIONS**

32. Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

33. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

**Robocall Class:** All persons within the United States: (1) to whose cellular telephone number or other number for which they are charged for the call (2) Defendant (or an agent acting on behalf of Defendant) placed a call (3) within the four years prior to the filing of the Complaint (4) using an identical or substantially similar pre-recorded message used to place telephone calls to Plaintiff.

34. Plaintiff is a member of and will fairly and adequately represent and protect the interests of this class as he has no interests that conflict with any of the class members.

35. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

36. This Class Action Complaint seeks injunctive relief and money damages.

37. The Class as defined above is identifiable through the Defendant's dialer records, other phone records, and phone number databases.

38. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds in each class.

39. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

40. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

41. There are well-defined, nearly identical questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions which may affect individual Class members.

42. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    (a) Whether the Defendant used pre-recorded messages to send calls;

    (b) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

    (c) whether Defendant's conduct constitutes a violation of the TCPA; and

    (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

43. Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

44. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so.

45. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

46. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

47. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

### FIRST CAUSE OF ACTION
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. 227(b)) on behalf of the Robocall Class**

48. Plaintiff incorporates the allegations from the prior paragraphs as if fully set forth herein.

49. The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Class delivering pre-recorded messages.

50. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their residential or cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

51. If the Defendant's conduct is found to be knowing or willful, the Plaintiff and members of the Class are entitled to an award of up to treble damages.

52. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice in the future.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling cellular telephone numbers using a pre-recorded message, except for emergency purposes, in the future;

B. That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

D. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: June 7, 2024

PLAINTIFF, on behalf of himself
and others similarly situated,

*/s/ Anthony Paronich*
PARONICH LAW, P.C.
Anthony I. Paronich
350 Lincoln St., Suite 2400
Hingham, MA 02043
617-485-0018
anthony@paronichlaw.com

*Attorneys for Plaintiff and proposed class*